UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. BENJI MICHAEL GARCIA                    Docket Number: 04-cr-00336-EWN-01

**Petition for Modification of Conditions on Supervised Release**

COMES NOW, Douglas D. Randolph, probation officer of the Court, presenting an official report upon the conduct and attitude of Benji Michael Garcia, who was placed on supervision by the Honorable Edward W. Nottingham sitting in the Court at Denver, Colorado on the 17th day of December, 2004, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.       Drug testing and treatment.

2.       Alcohol testing and treatment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of supervised release to include: [3] that the defendant reside in a Residential Re-entry Center for a period of up to six (6) months, to commence upon the direction of the probation officer, and shall observe all rules and regulations at said facility, and [4] that the defendant shall ingest monitored antabuse if not medically contraindicated.

ORDER OF THE COURT

Considered and ordered this 26th day of March 2007, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

s/Douglas D. Randolph

Douglas D. Randolph
Probation Officer

s/ Edward W. Nottingham

Edward W. Nottingham
U.S. District Judge

Place: Denver, Colorado

Date: March 23, 2007

PROB 12
(02/05-D/CO)

# ATTACHMENT

On January 19, 2007, the conditions of supervised release were read and explained to the defendant.    On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them.  The term of supervised release commenced on January 22, 2007.

As was recently reported to the Court, the defendant provided a urine specimen which tested positive for marijuana on January 27, 2007.  When questioned by the undersigned probation officer, the defendant admitted to consuming both marijuana and cocaine prior to the test.  Following the aforementioned incident, the defendant provided two additional urine specimens, both of which tested positive for cocaine (February 17, 2007 and March 1, 2007).  During a subsequent interview, the defendant reported that he had been nasally ingesting small amounts of cocaine on a regular basis since his release from the Residential Re-entry Center (RRC) one week prior to his first positive urinalysis.

Succeedant to the aforesaid events, the defendant failed to report and provide a urine specimen as required on March 10, 2007.  On March 12, 2007, the undersigned probation officer verbally admonished the defendant to daily contact the provider responsible for garnering urine specimens.  Sequent to this monition, the defendant failed to report and provide urine specimens on two additional occasions    (March 14 and 18, 2007).  Furthermore, in early March 2007, the defendant informed the undersigned probation officer that he had consumed approximately 24 cans of beer each week since his release from the RRC, in spite of the supervised release condition which precludes him from doing so.

Over the last seven weeks, the defendant has routinely demonstrated that he requires additional structure and monitoring.  The Probation Department believes that this can be accomplished through the medical administration of antabuse, and up to six months at a local RRC.

On March 20, 2007, defense counsel, LaFonda Jones, and the defendant, signed a Waiver of Hearing to Modify Conditions of Probation and Supervised Release, agreeing to the proposed meliorations.  On March 23, 2007, AUSA James Allison informed the undersigned probation officer that he has no objection to the additional proposed conditions of supervised release.